IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-06007-03-CR-SJ-HFS |
| ) | |
| ) | |
| RYAN NEAL MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is currently before the Court on the Government's Motion for Detention Hearing filed November 16, 2020. Doc. 11. Defendant filed his Suggestions in Opposition on November 20, 2020. Doc. 13. For the reasons set forth below, the Government's motion is DENIED AS MOOT.

### I. BACKGROUND

On November 3, 2020, the Grand Jury in the Western District of Missouri returned a two-count indictment against Defendant Montgomery. Doc. 6. In Count One, Defendant is charged with conspiracy to advertise child pornography. Count Two charges Defendant with conspiracy to distribute and receive child pornography. All counts allege the offenses occurred on or about June 2019 and on or about July 2020, the dates being approximate.

This Court issued a warrant for the arrest of Defendant on November 3, 2020. On November 6, 2020, Defendant was arrested in the District of Oregon – Portland. A Magistrate Judge for the District of Oregon held Defendant's initial appearance pursuant to Rule 5(c)(3) on November 6, 2020. Doc. 10. Defendant, counsel for Defendant Francesca Freccero, and counsel for the Government, Natalie Wright were present for the hearing. *Id.* at 2-7. It also appears, based on this Court's review of the record, the Magistrate Judge for the District of Oregon detained Defendant and initially

committed him to the custody of the Western District of Missouri, St. Joseph Division. *Id*. The court indicated a formal commitment order would follow. *Id.* The commitment order was entered by the District of Oregon on November 6, 2020. *Id.* at 10. However, said commitment was "stayed" until after a status conference which is now scheduled for November 23, 2020.[1] *Id.* at 2-6. It also appears from the record in Oregon that Defendant has remained in custody in the District of Oregon since his arrest. *Id*. The Government then filed their motion for detention hearing in the Western District of Missouri on November 16, 2020. Doc. 11.

## II.  DISCUSSION

Rule 5(c)(3) of the Federal Rules of Criminal Procedure sets forth the procedures the Court must follow when a defendant is arrested in a district other than where the offense was allegedly committed. The arresting district has the authority to detain or release an arrested person pursuant to 18 U.S.C. § 3141 which states "[a] judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter." Based on this Court's review of the record of the proceedings in the District of Oregon, the Magistrate Judge in that court held its Rule 5 hearing on November 6, 2020 and ordered Defendant detained. Doc. 10 at 2-7.

The Government filed its motion for pretrial detention and a hearing pursuant to 18 U.S.C. § 3142(f) in the Western District of Missouri on November 16, 2020. Doc. 11. The Government argues, *inter alia*, there are no conditions or combination of conditions of release that will reasonably "assure the safety of other persons and the community if [D]efendant Ryan Neal Montgomery, is granted bond, nor will any conditions secure the defendant's appearance." *Id.* at 1. The Government's motion also requests a hearing on said motion. *Id*.

---

[1] The Court notes that the status conference had originally been set in the District of Oregon on November 13, 2020 but was continued to November 23, 2020 "at the parties' request."

The Government's motion acknowledges Defendant had a detention hearing and was ordered detained by the District Court of Oregon. Doc. 11 at 3. Because Defendant has been previously detained by a magistrate judge in another district, the Government's motion is moot. A party is not entitled to a second detention hearing in the district where the charges are pending to either affirm or reverse a detention order entered in the arresting district. If either party desires to seek review of a detention or release order, the appropriate avenue would be under 18 U.S.C. § 3145. This statute provides as follows:

> (a) If a person is ordered released by a magistrate, or by a person other than a judge of the court having original jurisdiction over the offense and other than a Federal appellate court –
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
> The motion shall be determined promptly.
>
> (b) If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

Other courts have previously held that it is "clear from the wording of Section 3145(a) that 'a court having original jurisdiction over the offense' must be interpreted as the district judge assigned to the case." *United States v. Johnson*, 858 F.Supp. 119, 122 (N.D. Ind. 1994). "Section 3145(a) authorizes a district judge to review a decision made by a magistrate judge, but it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district." *Id.* Once a magistrate judge has entered an order detaining a defendant, the authority to review said detention order resides with the district court where the prosecution is pending. *See United States v. Evans*, 62 F.3d 1233, 1235 (9th Cir. 1995). Because of such, if either party is seeking review of the Magistrate Judge's order detaining this defendant, the

3

proper mechanism is not a motion for a second detention hearing, but rather a review of the arresting Magistrate Judge's release or detention order.

The Federal Rules of Criminal Procedure and 18 U.S.C § 3141 et seq. provide specific procedures for releasing or detaining a person arrested in another district. Stated simply, Defendant in this case was arrested in Oregon, made an initial appearance in that district, and was ordered detained. The Government's request for a second detention hearing is not necessary as Defendant has already been detained and remains in custody. Further, a second detention hearing is not provided for under the applicable Federal Rules of Criminal Procedure and/or the Bail Reform Act.

### III. CONCLUSION

Based on the foregoing, the Government's motion for pretrial detention and a hearing is DENIED AS MOOT.

DATE: November 20, 2020

                                             */s/ W. Brian Gaddy*
                                             W. BRIAN GADDY
                                             UNITED STATES MAGISTRATE JUDGE