IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20-06007-03-CR-SJ-DGK |
| RYAN NEAL MONTGOMERY, | ) ) | |
| Defendant. | ) ) | |

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS

Now before the Court is Defendant Ryan Neal Montgomery's Motion to Suppress Evidence, ECF No. 172, and United States Magistrate Judge W. Brian Gaddy's Report and Recommendation, ECF No. 203, recommending the Court deny the motion. Both parties have filed responses to the Report and Recommendation. *See* ECF Nos. 206 & 209.

Defendant seeks to suppress all evidence obtained pursuant to a federal search warrant and to suppress his statements made to agents during the search as fruit of the poisonous tree. In support, Defendant challenges only the timing the warrant was executed, arguing it was executed sometime between 5:20 a.m. and 5:40 a.m. rather than between 6:00 a.m. and 10:00 p.m.—the execution time specified in the search warrant. *See* ECF No. 172 at 2.

Defendant raises one primary objection to the Report and Recommendation. Defendant argues the Government has not met its burden because the only evidence showing the search was executed within the timeframe specified in the search warrant is the "independent memory of the agents executing the search warrant" and "[t]he CAD report . . . [which] is entirely dependent on the agent's timely entry of incidents into the computer." ECF No. 209 ¶ 1. Defendant's objection is unavailing. As the Magistrate's report noted, "the time the warrant was executed is a

factual issue that requires an assessment of the credibility of the witnesses." ECF no. 203 at 14; *see also id.* at fn. 13 (explaining the CAD report "was not used in making the recommendations herein"). Upon review, the Court finds the Magistrate's evaluation of the witnesses' credibility to be sound.

After reviewing the report and conducting an independent review of the applicable law and record, *see* L.R. 74.1, the Court agrees with the Magistrate's thorough and well-reasoned opinion holding that law enforcement executed the search of Defendant's residence within the timeframe specified in the search warrant. Accordingly, the evidence found inside Defendant's residence, and the statements he made thereafter, were not obtained in violation of the Fourth Amendment or Rule 41 of the Federal Rules of Criminal Procedure.

The Court ADOPTS the Report and Recommendation and DENIES Defendant's motion.

**IT IS SO ORDERED.**

Date:   September 27, 2023                           /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT