IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN NEAL MONTGOMERY,

    Defendant.

Case No. 20-06007-03-CR-SJ-DGK

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, United States Attorney, Alison D. Dunning and David Luna, Assistant United States Attorneys, and the defendant, Ryan Neal Montgomery ("the defendant"), represented by Michael Robert Bartish.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the Second Superseding Indictment charging him with a violation of 18 U.S.C. § 2251(d) and (e), that is Conspiracy to Advertise Child Pornography. By entering into this plea agreement, the defendant admits that he knowingly committed the offense charged, and is in fact guilty of the

offense. The defendant also agrees to forfeit to the United States the property described in the Criminal Forfeiture Allegation of the Second Superseding Indictment and the Amended Bill of Particulars.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty include the following:

"Website A" was a website dedicated to the advertisement and distribution of child pornography, as defined in 18 U.S.C. § 2256(8)(A), and the discussion of the sexual abuse of minors. It used advanced technology to hide the location of its servers and users. The home page of Website A included language indicating that it was dedicated to images and discussion of young girls within a specific age range, the entirety of which was under the age of 18, with a preference for girls 12 and under. The home page also expressly contemplated the sharing of child pornography, and the rules and features of Website A facilitated and encouraged the exchange of child pornography by its users. Website A had hundreds of individual user accounts, and at all relevant times, both the Website A server as well as a coconspirator who created and maintained Website A were located in Kansas City, Missouri, within the Western District of Missouri.

In general, users shared child pornography over Website A by making posts that included two elements: (1) a link to another website where child pornography could be downloaded, and (2) one or more "tags"—*i.e.*, descriptive text—that provided a basic description of the child pornography that was available through the links. Available tags included "[girl]," "[hebe]" (a reference to early pubescent minors), "[jb]" (a reference to "jailbait," which in turn refers to fully pubescent girls who are still legal minors), "[preteen]," "[hardcore]," and "[schoolgirl]." For example, on July 4, 2020, a user posted a link on Website A with the tags "[preteen]," "[man]," and "[hardcore]." The link led

2

to another website that displayed an image of an adult man inserting his erect penis into the anus of a fully naked prepubescent girl. The rules of Website A specifically directed its users to share child pornography in this manner. These elements allowed Website A users to pick and choose what child pornography they wished to download to their own computers. Between June 2019 and July 2020, Website A users advertised and distributed many thousands of child pornography images and videos in this manner.

Website A was also managed by a select group of "staff" who were responsible for running the Website. Staff responsibilities included promulgating the rules of the Website, ensuring that users complied with the rules, and reviewing postings and messages. Staff members also promoted other users to higher status within the Website, and these promotions were generally based on the user's participation on the Website, including the quantity and quality of the child pornography the user shared.

The defendant was an active user of Website A for at least approximately one year, ending in July 2020. He used a particular alias on the Website and rose to the status of a staff member. In his capacity as a member of Website A's staff, the defendant made posts to Website A promulgating, clarifying, and enforcing the rules of the Website and reprimanding users for not following them. He also promoted users to greater status within Website A. The defendant spent approximately an hour per day moderating Website A for a period of at least six months.

The defendant also advertised and shared child pornography over Website A. For example, on June 20, 2020, the defendant made a post on Website A that included two links along with the tags "[tween]" and "[man]." The term "tween" generally refers to young girls who are between the ages of 9 and 12. One of the links led to another website that displayed a photo montage of a fully naked

3

prepubescent girl who appears to be between the ages of 10 and 13. The girl is sitting on the lap of a naked adult man whose genitals are partially visible. The two are either engaging in or simulating anal sex. In one of the images, the girl is spreading her legs for the camera, and in another, the adult man touches her naked genitals. The other link led to a website that displayed a young girl who appears to be a teenager naked and lying face-down on a bed with her head raised and staring into the camera. A naked male kneels behind her with his hands on her hips and his genital area pressed against hers, either engaging in or simulating sexual intercourse.

On October 28, 2020, law enforcement agents executed a search warrant at the defendant's home in Damascus, Oregon. During an interview with law enforcement, the defendant stated that he visited multiple child pornography websites, including Website A, in order to "harvest" child pornography for his collection. He visited these sites daily to avoid missing new content that he had not previously seen. Law enforcement also seized electronic devices belonging to the defendant. A later forensic examination of these devices revealed at least 8,500 verified child pornography files, including more than 1,500 images or videos depicting the sexual abuse of infants and toddlers and at least 100 images or videos depicting violence, bondage, or sadism. The defendant's computer also contained approximately 35,000 images and videos of suspected or potential child pornography.

The defendant admits that he used the following property to commit, promote, or facilitate the commission of Count One of the Second Superseding Indictment and the conduct described above: one HP laptop, S/N 5CD70713KR, one silver Apple iPad, S/N DLXXRZ08R7MC, and one black Google G011A Pixel 2 cell phone with IMEI 357537082472317.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea

4

agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the Second Superseding Indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that Conspiracy to Advertise Child Pornography as charged in Count One of the Second Superseding Indictment carries a mandatory minimum sentence of 15 years imprisonment, a maximum sentence of 30 years imprisonment, a $250,000 fine, from five years to life of supervised release, an order of restitution of not less than $3,000 per victim, a $5,000 special assessment for non-indigent defendants, an additional assessment of not more than $35,000, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant understands that Conspiracy to Advertise Child Pornography is a Class B felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range;

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, the Court must impose a term of supervised release of at least five years up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

5

d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 2 years without credit for time previously spent on supervised release. However, pursuant to 18 U.S.C. § 3583(k), if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A (sexual abuse offenses occurring on special maritime or territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2241-2248), 110 (sexual exploitation and other abuse of children, including child pornography offenses, in violation of 18 U.S.C. §§ 2251-2260A) or 117 (transportation for illegal sexual activity and related crimes, in violation of 18 U.S.C. §§ 2421-2428) or Section 1201 (kidnapping) or 1591 (sex trafficking of children or by force, fraud, or coercion) of Title 18 of the United States Code, the law may allow the Court to impose an additional period of imprisonment of five or more years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court;

i. the defendant agrees that the United States may institute civil, judicial, or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that he will not contest any such forfeiture proceedings;

j. the defendant agrees to forfeit all interests he owns or over which he exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States, either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p), including but not limited to the following specific property:

    i. One HP laptop, S/N 5CD70713KR;

    ii. One silver Apple iPad, S/N DLXXRZ08R7MC; and

6

   iii. One black Google G011A Pixel 2 cell phone with IMEI 357537082472317.

With respect to any asset that the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution;

  k. the defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets forfeitable to the United States, either directly or as a substitute asset, in which he, his co-defendants, and his co-conspirators have or had any direct or indirect financial interest, or exercise or exercised control, directly or indirectly, during the period from June 2019 to the present. The defendant also agrees to fully and completely assist the United States in the recovery and forfeiture of all such forfeitable assets;

  l. the defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before his sentencing;

  m. the defendant states that he is the sole and rightful owner of the following:

   i. One HP laptop, S/N 5CD70713KR;

   ii. One silver Apple iPad, S/N DLXXRZ08R7MC; and

   iii. One black Google G011A Pixel 2 cell phone with IMEI 357537082472317.

Further, to the best of his knowledge, no one else has any ownership or other interest in the property. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation whatsoever owing to the defendant;

  n. within ten (10) days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that the United States will use the financial information when making its recommendation to the Court regarding the defendant's acceptance of responsibility; and

7

o. at the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of forfeitable assets and restitution.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses described in the statement of facts set forth in Paragraph 3, for which it has venue and which arose out of the defendant's conduct investigated in this case. The United States further agrees to dismiss Count Two of the Second Superseding Indictment after the defendant has been sentenced.

Other than the conduct expressly described in Paragraph 3, the defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

9

a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range;

b. The applicable Guidelines sections for Conspiracy to Advertise Child Pornography are U.S.S.G §§ 2G2.2 and 2X1.1.

c. The defendant receives no reduction under U.S.S.G. § 2X1.1(b)(2) because he and other coconspirators completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense.

d. U.S.S.G §§ 2G2.2 and 2X1.1(a) (Conspiracy to Advertise Child Pornography):

1) U.S.S.G § 2G2.2(a)(2) provides for a base offense level of 22;

2) Because the offense involved prepubescent minors and minors who had not attained the age of twelve years, the base offense level is enhanced 2 levels pursuant to U.S.S.G. § 2G2.2(b)(2);

3) The Government believes that the offense involved distribution in exchange for valuable consideration—i.e., greater status on Website A—but not pecuniary gain, and that the base offense level should therefore be enhanced 5 levels pursuant to U.S.S.G. § 2G2.2(b)(3)(B). The defendant disagrees and believes that a lesser, 2-level enhancement under § 2G2.2(b)(3)(F) applies. The parties reserve the right to argue their positions at sentencing;

4) Because the offense involved material that portrays sadistic conduct, the base offense level is enhanced 4 levels pursuant to U.S.S.G. § 2G2.2(b)(4);

5) Because the offense involved the use of a computer or an interactive computer service for the transmission, receipt, or distribution of the material, the base offense level is enhanced 2 levels pursuant to U.S.S.G. § 2G2.2(b)(6);

6) Because the offense involved 600 or more images, the base offense level is enhanced 5 levels pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

7) The Government believes that the defendant was a manager and supervisor of criminal activity that involved five or more participants or was otherwise extensive, and that the base offense level should therefore be enhanced by 3 levels pursuant to U.S.S.G.

10

§ 3B1.1(b). The defendant disagrees. The parties reserve the right to argue their positions at sentencing.

e. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(a) and (b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

f. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

g. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

h. The United States may seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and the defendant may seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The Court may impose any sentence authorized by law;

i. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the Second Superseding Indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

j. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his

11

plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. Oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. Comment on the evidence supporting the charges in the Second Superseding Indictment;

    c. Oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. Oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

    c. The right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d. The right to confront and cross-examine the witnesses who testify against him;

    e. The right to compel or subpoena witnesses to appear on his behalf; and

    f. The right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

13

b. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the defendant reserves the right to file a direct appeal from his conviction to obtain appellate review of the denial of his pretrial motion to suppress evidence. In the event the defendant prevails on this appeal, and the evidence is suppressed, he will be allowed to withdraw his guilty plea, notwithstanding any provisions of the contrary contained in this agreement. With respect to all other issues, however, the defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

a. The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. Under 18 U.S.C. § 2259(b)(2)(B), such an award shall not be less than $3,000 per victim. Under 18 U.S.C. § 3663(a)(3), the defendant agrees that the Court shall also order restitution, in an amount determined by the Court but again not less than $3,000 per victim, to victims depicted in all other child pornography images or videos possessed or trafficked by the defendant arising from the investigation of this case which the Government has agreed not to charge pursuant to this plea agreement regardless of whether any such conduct falls within the offense of conviction. Further, the defendant agrees to pay restitution to any of his minor victims for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

14

c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 for each count by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

g. The defendant understands that a separate Special Assessment of $5,000 per count, under 18 U.S.C. § 3014, will be imposed as part of the sentence in this case should the Court determine that the defendant is not indigent. This Special Assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from this case.

h. The defendant understands that an additional assessment of not more than $35,000 will be imposed under 18 U.S.C. § 2259A(a)(2) as part of the sentence in this case. Under 18 U.S.C. § 2259A(d)(2), the imposition of this assessment does not relieve the defendant of, or entitle him to reduce the amount of any other penalty by the amount of the assessment.

i. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

j. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Sex Offender Registration**. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information, including international travel. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever state he resides following release from prison, and he will be subject to the registration requirements of that state. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in the state in which he is released, and shall also register with the state

16

sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**18. Defendant Will Remain in Custody after the Plea.** The defendant understands that the crime to which he is pleading is a crime of violence, as defined by 18 U.S.C. § 3156(a)(4)(C). Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after it accepts his plea of guilty to the offense. The defendant hereby agrees not to contest his detention and will be remanded to the custody of the U.S. Marshals immediately after the district court has accepted his plea.

**19. Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**20. Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**21. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant

17

provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**22. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys, or any other party to induce him to enter his plea of guilty.

**23. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental

agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**24.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Teresa A. Moore
United States Attorney

Dated: 10/12/23

_Alison Dung  for_
Alison D. Dunning
David Luna
Assistant United States Attorneys

19

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the Second Superseding Indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 10|12|'23

_____
Ryan Neal Montgomery
Defendant

I am defendant Ryan Neal Montgomery's attorney. I have fully explained to Mr. Montgomery his rights with respect to the offense charged in the Second Superseding Indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Mr. Montgomery's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 10|12|23

_____
Michael Robert Bartish
Attorney for Defendant Ryan Neal Montgomery